1   Perry V. Moss

2   270 Cobb Parkway South Ste. 140

3   Marietta, Ga. 30060

**FILED**

NOV 19 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

4   United States District Court

5   Northern District of California

6   Case # **C18-7035**

7                                                                   YGR

8   PERRY V. MOSS

9           Plaintiff                          W.C.A.B. 11/17/2015 O.A.C.R.

10          Vs                                 VIOLATION of CALIFORNIA ANTI-

11          .                                  TRUST LAWS, CONCERNING DIS-

12   GOLDEN STATE WARRIORS; TIG/ZEN            ABILITY WAGES (Workers' Comp)

13   FAIRMONT PREMIER Ins. Comp., et al        & UNFAIR COMPETITION LAWS /

14           Defendants                        ALTERNATIVE DISPUTE RESOLUTION

15   ------------------------------------------

16          .

17   PERRY V. MOSS is represented by: "Moss", Applicant

18   "*Pro se*", Plaintiff, Consumer, Employee, Petitioner,

19   "PVM" and *In Forma Pauperis*

20

21   Defendants also include: National Basketball Association (NBA) Adam Silver

22   Ron Mix of All Sports Law, Workers' Comp. Judge (WCJ) Joanne Coane of

23   Santa Ana Blvd./ Workers' Compensation Appeals Board (W.C.A.B.) &

24   Tom Valentine of Zenith Ins. Comp. and Chernow & Lieb

## INTRODUCTION

I, <u>PERRY V. MOSS</u> declare, under the penalty of perjury that I am the plaintiff in the above entitled case and the information I offer throughout this petition is true and correct. Through the Northern California District Court, (Oakland Court House, Court room 5, 2nd floor, 1301 Clay Street, Oakland Ca. 94612), the Antitrust Law Sec. of the Attorney General's office, address: Attorney General's Office, (Antitrust Law Section), XAVIER BECERRA, 4949 Broadway, Sacramento, Ca. 95820, the *Underground Economy Unit* and its' consumer protection division, this petitioner will demonstrate, willful misconduct, deceitful omissions, and professional contract violations from the defendants' and their association. The petitioner seeks restitution for Workers' Compensation Insurance Premium fraud, and the illegal avoidance of workers' compensation coverage for its employees. The Golden State Warriors retain last injurious exposure inheriting liability for repetitive <u>cumulative trauma (C.T.) syndrome</u>, a medical condition the plaintiff now manifest. The contract in protest was executed on <u>11/17/2015</u>, entitled; **<u>ORDER APPROVING COMPRMISE and RELEASE (OACR)</u>**. On that day, a $90,000 settlement was coerced upon the plaintiff. At the time of the proceeding, the plaintiff was represented by an attorney (Ron Mix of All Sports Law). May the following <u>historical</u> <u>perspective</u> un-mask an overview of the matter that took place that has evoked this Civil Law Suit concerning violation of Antitrust Laws by the GOLDEN STATE WARRIORS, owners Joseph S. Lacob and Peter Gruber, the TIG/ZENITH FAIRMONT PREMIER Ins. Comp. defense attorney, Mr. Tom Valentine, NATIONAL BASKETBALL ASSOCIATION (NBA) commissioner, Adam Silver, All Sports Law attorney, Ron Mix and Workers' Comp. Judge (WCJ) Joanne Coane of the Workers' Compensation Appeals Board (W.C.A.B.) in Santa Ana, Orange County, Ca.

HISTORICAL PERSPECTIVE:

At first glance, the execution of the <u>**OACR appears to be in favor of the plaintiff**</u>. Primarily, the amount of $111,000, was *"**hand written**"* in, and was <u>never</u> stated or offered as a bottom line settlement to the plaintiff. Advances against <u>permanent disability</u> was *<u>never</u>* talked about. Although, it was understood that, <u>2</u> advances would be taken out of the OACR settlement issued on 11/17/2015. The amount of the <u>2</u> loans were: $2,750 (control # 6069) + $3,225 (control # 6355) which equal $5,975. This sum, is still very different from the $11,000 *"**hand written**"* on the 11/17/2015 OACR. Also, the **<u>pre-meditated</u>** representation of typed in <u>figures/numbers/prices</u>, are crossed out, and a **<u>NEW</u>** figures/numbers/prices were *"**hand written**"* in without prior knowledge to "PVM". It shows an increase in value to the plaintiff and a decrease in attorney fees, however, this act was <u>never</u> discussed in the presence of "PVM". What this OACR <u>does not</u> show is the <u>two</u>-day discussion with counsel about **PERMANENT DISABILITY PERCENTAGE RATING, LIFE MEDICAL PROCEDURES and TREATMENT, LIFE PENSION COMMUTATION and Travel Expenses**. The OACR <u>does not</u> reflect the embodiment of <u>stress, duress, coercion, financial hardship</u> and <u>pain</u> the plaintiff was experiencing at the time. The OACR <u>does not</u> show how the counsel at the time, approached "Moss" with **<u>seven</u>** different offers, all declined and "PVM's" response remained; *"**What about my permanent disability rating, life medical and life pension!**"* After <u>3</u> years of negotiating on whether, there was merit for the claim, the last <u>36</u> hours approaching the 11/17/2015 OACR trial date, proved to be a final crushing blow to the plaintiffs' fighting survival spirit. "Moss" reluctantly, desperately and stressfully honored his counsels wishes and **<u>"took the deal!"</u>** The plaintiff was told: *"If you don't take the deal, you will be facing another appeal and it could take 6 to 9 months before anything happens. Don't worry, we are going to win, but I do not think you can last that*

1    *long in the financial state that you are currently in."* The NFL Hall of Fame attorney was

2    correct, "PVM" was depleted. The plaintiff could not go another 6 months on

3    his substitute teaching salary with little hope for medical treatment. Hence "PVM", under

4    stress, duress, and coercion reluctantly agreed to counsels' recommendations. After the

5    OACR was signed; Mr. Mix attempted to appease "Moss" by stating: *"I see you are*

6    *quiet, don't have buyer's remorse; you did a good thing, now you can get your teaching*

7    *degree, buy a house, (in a nice neighborhood, make sure it's white) get an automobile*

8    *upgrade and look into Obama Care."* Still in utter shock and under stress and duress, the

9    plaintiff just remained quiet during the car ride to Inglewood Ca. Mr. Mix was very

10   pleasant and polite as the two separated amicably. It wasn't until 6 ½ months later, during

11   the Cleveland and Golden State finals series of 2016, a friend of "PVM" saw that NFL

12   Hall of Fame Attorney was brought up on tax evasion with the IRS and faced a $250,000

13   fine or 3 years in prison. At that moment, upon receiving the information, "PVM"

14   thought; *"Well if he can fool the IRS, Lord knows he can fool ME!"* "PVM" question of

15   what to do next was unsure. However, during the fall months of 2016 (Sept. 27th & Oct.

16   26th of 2016), **TWO** Mandatory Settlement Conference (MSC) letters were sent to

17   "Moss." This was approximately, ten to eleven months *after* the case was supposed to

18   have reached a settlement agreement. "PVM" deduced, there is still more action

19   involving his case. This would suggest that present counsel is still presiding over the

20   case. Without hesitation, "Moss" attempted to acquire new counsel. Yet, no one would

21   honor his problematic request. After this ultimate collapse, "Moss" filed a Dismissal of

22   Attorney motion and substituted himself as Power of Attorney (POA). With the

23   "inequitable" compensation from the 11/17/2015 OACR, the plaintiffs plan was to attend

24   the Jan. 5, 2017 MSC at the Workers' Compensation Appeals Board (W.C.A.B.), 605

25   Santa Ana Blvd. Bldg. 28, Rm 451, Santa Ana, Ca. 92701 at 8:30 am, in order to seek out

1    proper restitution for **Permanent Disability % Rating**, **Life Medical** and **Life Pension**

2    **Commutation**. On Jan. 5, 2017, "*Pro se*" attended the MSC meeting of which Judge

3    Pamela Pulley was presiding over. The 10-minute meeting ended with the Judge stating;

4    "*This is a conference between the joining parties to the case, and the plaintiff was well*

5    *beyond the statute of limitation. I am sorry there's no merit here.*" The next day, the

6    plaintiff filed a petition to the W.C.A.B. Commissioners Office (Comm. Off.) in San

7    Francisco, seeking a review of the NEW evidence and circumstances concerning the case.

8    After careful review from the W.C.A.B. Comm. Off. The Judgment was *granted* on

9    March 21st, 2017 that the paper work of the petition for "re-consideration", should be

10    deemed as a petition to "reopen" and sent back to the trial level. At that point, there were

11    two motions of opposition, one from the defense, Mr. Valentine of the TIG/ZENITH Ins.

12    Comp. / FAIRMONT PREMIER Ins. Comp. and the other from Judge Joanne Coane.

13    This initiated a reply from the plaintiff. "PVM" has submitted a copy of the attendance

14    sheet from the January 5, 2017 trial hearing, the March 21, 2017 "order" from the

15    W.C.A.B. Comm. Off. to "reopen" and take back to the trial level, and the June 29th,

16    2017 conference call notes. Nonetheless, three trial hearings were set: one conference call

17    (June 29, 2017), and two hearings at the courthouse. The dates were July 31, 2017 and

18    September 11, 2017 for the court hearings in Orange County, Ca. There were many new

19    discoveries, and new information, the plaintiff compiled throughout this monumental

20    ordeal. These areas of merit are necessary in forming a substantial lawful and legal value

21    structure to the case. In this petition, adhering to FEDERAL RULES of EVIDENCE,

22    Authority for Promulgation of Rules, Title 28 U.S. Code pursuant to * 2072 & 2073.

23    Rule 103, 104 (e) (b), Article III, rule 301, Article IV, rule 401 (a) & (b). the plaintiff has

24    also provided a *complete copy* of: 1.) The OACR in protest, attached to the 10-page

25    petition. Plus, the following supplemental documents as evidence: 2.) The ruling from the

4

1  Presiding Judge (PJ) Honorable Joanne Coane, 3.) Spreadsheets of liens prior to the

2  11/17/2015 trial hearing, 4.) A cover sheet from the W.C.A.B. filing identification ADJ

3  number citing Cumulative Trauma (CT) areas, 5.) Past M.S.C. letters, 6.) Partial contract

4  of the last team, "PVM" played for *not* listed in the <u>2013</u> deposition. This contract

5  establishes a *true* Date of Injury (DOI). 7.) The American Medical Association (A.M.A.)

6  Permanent Disability (P.D.) Indemnity Percentage Rating calculations, 8.) Life Pension

7  Commutation of 23.2 years and 9.) Pre-trial conference Exhibits stating "**stipulations**"

8  and "**issues**" firmly established in this case. The amending's are intended to give a factual

9  account of the scope of merit involved in this matter, along with specific attention to

10  violations of California Antitrust legal rules of reason, as it pertains to the OACR

11  contract of 11/17/2015.

12                                 DISCUSSION

13  California Statutory Antitrust Law is found at Sections 16600 et seq. of the Business &

14  Professions Code, under which the Unfair Competition Law (U.C.L.) founded at Section

15  17200 et seq. of the Bus. & Prof. Code. It defines "<u>unfair competition</u>" as any "<u>unlawful,</u>

16  <u>unfair</u>, or <u>fraudulent business practice</u>" and any "<u>unfair, deceptive</u> or <u>misleading</u>

17  <u>advertising</u>" plus any act prohibited by Section 17500 et seq. They are many points of

18  "<u>unfair</u> and <u>unlawful</u>" aspects of the OACR that are present. The U.C.L. requires a

19  "burden of proof" to fulfill, as the statute provides. The "<u>fraudulent</u>" aspect of the OACR

20  reveals tangible evidence of, misconduct, deceit, unethical, immoral, unscrupulous and

21  oppressive restraints. This conduct, premeditated by the initial attorney and defendant,

22  defines as; "with reasonable particularity the facts supporting the statutory elements of

23  their violation." Khoury v. Maly's of California, Inc., 14 Cal. App. 4th 612, 618 (1993).

24  The plaintiff is seeking restitution from "<u>Price fixing</u>" displayed on the OACR. This

25  includes any tampering with <u>figures/numbers/prices</u> or terms of the contract. Using the

1   "rule of reason" it is clear that the OACR in question already had "Fixed" prices attached
2   to 4 areas of the contract. Page 6, the settlement amount typed in is $90,000, the attorney
3   fees typed in was $13,500, the balance to the petitioner would have been, $76,500. Page 5
4   did not have any figures in the area of "Earnings at the time of Injury" and "Permanent
5   Disability Indemnity Paid" Page 5, did however claim $230 as a "weekly rate" (crossed
6   out as well and the fourth "Fixed" price?). These changes and omissions are deceptive
7   in form. The empty spaces or omissions on page 5 is particularly deceitful; the true value
8   of the case is rated primarily if the disability is greater than 70%. This display of
9   willful misconduct was over looked by the PJ, Honorable Joanne Coane on 11/17/2015.
10  Once again, the "hand written" appearance of "favor to the plaintiff" is very deceptive
11  and unjust. Whether horizontal or vertical price fixing, this display of tampering violates
12  codes of professional responsibility under California Laws of civil conduct. The plaintiff,
13  at the time, refused to believe his claim was less than six figures as the "occupational
14  variant" (590) is listed amongst the highest of Workers Compensation Rating category.
15  This can only have been understood as an agreement between the defense attorney and
16  the plaintiffs' previous counsel. Such as both parties, analyze agreement under the "rule
17  of reason" as a vertical restraint. The important value of: Permanent Disability
18  Percentage Rating, Life Medical treatment & Procedures, and Life Pension Commutation
19  were not included in the contract and never offered to the plaintiff. Thus, in this vertical
20  context, the deceptive increases and decreases of the areas shown on the OACR,
21  manufactures a "Sham-Settlement" of "unlawful" design. This yielded an "inequitable"
22  sum void of "good cause" and "good faith" in accordance with California Standard of
23  legal ethics. As the OACR was executed on 11/17/2015 and deemed reopened by the
24  W.C.A.B. Office of the Commissioners, in San Francisco, on 3/21/2017, the Cartwright
25  Act has a 4-year statute of limitation for both civil & criminal actions. Bus. & Prof. Code,

1  16750.1, 16755(b). This Act is under the legal construction of violation of civil and

2  federal California Antitrust Laws. The State of California Department of Justice,

3  XAVIER BECERRA, Attorney General, Antitrust & Business Competition, "How You

4  Can Help" brochure, pdf states: *"As a businessperson or an employee of a business,*

5  *Antitrust violations are not just ways of doing business, they are serious crimes for which*

6  *penalties are severe. Additionally, a business violating the Antitrust laws is liable to its*

7  *victims for three times the amount that the victims are injured."* Therefore, an intentional

8  delay, legal construction fees and antitrust law violations, yield a sum of **$728,154 (tax-**

9  **free)**, to the plaintiff, under the Antitrust Enforcement Laws in the State of California.

10  The following information will explain, describe and establish the merit of the figure

11  declared above. Also included are: new discoveries (contract establishing *true* Date of

12  Injury according to California W.C.A.B. criteria), new evidence (American Medical

13  Association rating and value), Life Pension Commutation, 10% delay and legal

14  construction penalty fees, and continued evidence of misconduct, mistake of facts,

15  violation of professional responsibility and fraudulent deceit executed by the defense.

16  The compensation for medical operations, rehab treatment and future health care have not

17  been listed in this petition, due to the lack of knowledge in compiling California Div. of

18  Labor Law Actuary documents. The apportionment for life medical and medical

19  procedures/treatment would focus primarily on the Bi-lateral hips, Spine (Cervical &

20  Lumbar), Bi-lateral Shoulders, Left Wrist/Hand and Lower Extremities (both knees, Feet

21  and Ankles). Procedures including of multiple invasive surgeries will be necessary in

22  order to bring the body back into a healthy balance. The criteria used to pin point these

23  areas were extracted from the B & B Permanent Impairment Ratings and Medical File

24  Consultation. The compilation of information was derived from said petitioners' X-rays,

25  MRI's and orthopedic reports. The Qualified Medical Doctors (Q.M.D.) were Dr. David

1   Kim M.D. (Q.M.D.) and Dr. Lynn Wilson (Q.M.D.), also a Psyche evaluation was

2   performed by Dr. Ted Greenzang, a Qualified Medical Examiner (Q.M.E.). As the onset

3   of avascular necrosis looms in the right hip of the petitioner; "Moss" continues to

4   constantly suffer from ongoing pain, along with depression and multiple health issues

5   arising from the repetitive cumulative trauma (C.T.) syndrome. These reflections are in

6   the Pre-trial Conference Statement of **stipulations** and **issues**. At the time of the

7   11/17/2015 OACR court date, the petitioner did not rely on the support of a cane. Prior to

8   and during the July 31st, 2017 and Sept. 9th, 2017 trial date, the petitioners' dependent on

9   a cane is ***paramount***. As 11/11/2018 will be 60 years of birth to the petitioner **PERRY V.**

10  **MOSS**.

11

12

13                              CONCLUSION

14  In conclusion, filing a civil suit verses the Golden State Warriors and all defendants,

15  recovering a true estimate of salary ranges along with Future Earning Capacity of a

16  professional athlete, once an active member of the N.B.A. as a player can be very

17  profitable/lucrative. A statistical analysis of: salary at the time, level of education,

18  certifications, degrees, number of years spent in the profession, employment labor

19  projections and additional skills, verbal and physical, could possibly yield a seven or

20  eight figure monetary life style when associated with the highest level of athletic

21  spectator sport entertainment. Unfortunately, the petitioner does not have the life time

22  actuary accounting skills to itemize such a reality as presented. Therefore, the experience

23  from the Worker's Compensation Appeals Board trial hearings, has forced a survival

24  state of education of the California Labor Laws. "PVM" continues to act with "good

25  faith" and "good cause" by adhering to the California Code of Regulation, Title 8,

Chapter 4.5 Division of Workers Compensation, W.C.A.B. Rules of Practice and Procedures. The primary example of this is explained pursuant to Article 9, Rule 10602 presenting a <u>Formal Permanent Disability Rating Determination.</u> Next, pursuant to Article 8, Rule 10607 <u>commutated printouts of benefits payable</u> and pursuant to Article 14, Rule 10775 reasonable *pro se* filing fees, 1.) <u>considered responsibilities assumed</u>, 2.) <u>Care and exercise executed</u> 3.) <u>time involved</u>, 4.) <u>results obtained</u>. The B & B Permanent Impairment Ratings Medical Report present a percentage of 89.25% P.D. rating. This yields a $137,942 P.D. rating and a Life Pension (L.P.) commutation of $82,706. This is based on the true DOI of, 01/04/1997 in accordance with the California Code of Regulation. In addition, a 10% lawful reconstruction and intentional delay penalty fee attached to the P.D. rating and L.P. commutation of 23.2 years. This would present as $13,794 for the P.D. rating and $8,706 for L.P. commutation. The total sum of these calculated variables are: $137,942(P.D.) + $82,706(L.P.) + $13,942(10%) + $8,706(10%) = $242,718. Therefore, **$242,718** (**tax-free**) multiplied 3 times, total **$728,154** (**tax-free**) the *declaratory* commutation "PVM" is seeking. These estimates compiled from the California W.C.A.B. criteria prove to be "<u>fair</u>" and "<u>just</u>" in regard to *<u>time</u>, "<u>occupational variant</u>"*, *<u>missed opportunities</u>* and *<u>disability discrimination</u>* that has lingered over the past decades. Let it be known, the plaintiffs' goal is to become WHOLE, and pursue LIFE, LIBERTY, and PROPERTY as codified in the 14th Amendment of the U.S. Constitution of America. Once again, it is a blessing and an honor to get the opportunity to have this case tried and ruled upon, in Federal Civil Court. Northern California District Court, Oakland Court House, in Oakland, Ca. 94612, and the Attorney General's Office, (Antitrust Law Section and the *Underground Economy Unit),* XAVIER BECERRA, Sacramento, Ca. 95820. All documents are in support of factual contentions.  As an *<u>In Forma Pauperis</u>* to have this <u>Alternative Dispute Resolution</u>

1   available gives hope to the "disabled" receiving justices from the "ABLE".

2                          Respectfully submitted,                    Perry V. Moss

3                          Executed on 11/12/2018                     *[signature]*

4                                                                     (770) 549-5166

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Proof of Service

I am employed by Dekalb County School System as a substitute teacher. I am over the age of eighteen years and a party to the within entitled action. My address is: Perry V. Moss, 270 Cobb Parkway South Ste. 140, Marietta, Ga. 30060. Phone # (770) 549-5166

I am readily familiar with the practice for the collection and processing of correspondence for mailing with the United States Postal Service. I declare under the penalty of perjury under the laws of the State of California that the forgoing is true.

On the November 12th, 2018 a copy of the petition of: "W.C.A.B. 11/17/2015 O.A.C.R. Violation of California Antitrust Laws, Concerning Disability Wages (Workers' Comp.) & Unfair Competition Laws/Alternative Dispute Resolution" vs. the GOLDEN STATE WARRIORS, NATIONAL BASKETBALL ASSOCIATION, TIG/ZENITH, FAIRMONT PREMIER Ins. Comp., ALL SPORTS LAW and WORKERS COMPENSATION APPEALS BOARD(Santa Ana, Orange County, Ca.) was placed for deposit in the United States Postal Service in a sealed envelope, with postage fully prepaid addressed to:

Defendants include:

- Joseph Lacob & Peter Gruber
  GOLDEN STATE WARRIORS
  1011 Broadway
  Oakland Ca. 94607

  Adam Silver
  NATIONAL BASKETBALL
  ASSOC. COMMISSIONER
  Olympic Tower
  645 Fifth Ave.
  New York, N. Y. 10022

- Tom Valentine
  Zenith Ins. Comp. (Chernow & Lieb)
  790 The City Drive
  Orange, Ca. 92868

- W.C.A.B. P.J. Joanne Coane
  605 West Santa Ana Blvd.
  Building 28 Rm, 451
  Santa Ana, Ca. 92701

  Ron Mix
  All Sports Law
  600 W. Santa Ana Blvd. Ste. 790
  Santa Ana, CA. 92701

<u>Jurisdiction of Claim and Witnesses for the Plaintiff</u>:

**<u>Indicates</u>: Attestation witnesses, (Act of witnessing an instrument in writing) No legal obligations are expected.

- Workers Comp. Appeals Board
  Office of the Commissioners
  455 Golden Gate Ave. 9th Floor
  P. O. Box 429459
  San Francisco, Ca.94142-9459

  **Jim Calhoun
    Univ. of Saint Joseph
    1678 Asylum Ave.
    West Hartford, Ct. 06117-2791

  District Judge Jeffery White
  Attn. Jennifer Ottolini (D. Clerk)
  Oakland Court House,
  Court Room 5 – 2nd Floor
  1301 Clay Street
  Oakland, Ca. 94612

  XAVIER BECERRA
    California Attorney General
    4949 Broadway
    Sacramento, Ca. 95820

  Scott Rochelle
  (N.B.A. Retired Players Association)
  175 W. Jackson Blvd. Ste. 1600
  Chicago, IL. 60606

  **Chris Paul
    (Pres. of the N.B.A. Players Assoc.)
    Houston Rockets
    Houston, TX. 77002

  **Lebron James
  (1st V.P. of the N.B.A P.A.)
  Los Angeles Lakers
  2275 E. Mariposa Ave.
  El Segundo, Ca.90245

  **Charles Barkley
    TNT Sports
    One CNN Center
    Atlanta, Ga. 30303

  Jennifer Waffle
  Zenith Insurance
  P.O. Box 9055
  Van Nuys ca. 91409

  Perry V. Moss
  Executed on 11/12/2018

## STATE OF CALIFORNIA
## WORKERS' COMPENSATION APPEALS BOARD

PERRY Moss

*Applicant,*

vs.

Golden State Warriors,
TIG Specialty
Insurance Company; Zenith
*Defendant*

Case No. *ADJ 8717470*
*Santa Ana District Office*

ORDER APPROVING
COMPROMISE AND RELEASE

[X]   SUMNER FINDING: In evaluating this Compromise and Release, consideration has been given to the fact that the agreement releases the rights of the applicant's dependents to death benefits.

[X]   Approval of this agreement releases any claim applicant may have for supplemental job displacement benefits.

[X]   Approval of the following Addendums: *Exhibit I;*

The parties to the above-entitled action having filed a Compromise and Release herein, settling this matter for $ *111,000.00* , and requesting that it be approved, and this Court having considered the entire record, including said Compromise and Release, now finds this Compromise and Release adequate and that it should be, and is, APPROVED, and awarded as follows:

*less $11,000.00 pre-settlement shifting living expenses;*

AWARD IS MADE in favor of the above named applicant, and against the above named defendant, in the total sum of $ *111,000.00* less permanent disability advances, if applicable, less reasonable attorney fees of $ *10,000.00* , plus payment of liens in the form and manner set forth in the Compromise and Release, with WCAB jurisdiction reserved as to unsatisfied liens. *Atty fee is payable to Atty Mix. Mr. Mix will follow up w/ lien Adms's office re possible informal fees. 11/8/15*

Dated: *11-17-15* at Santa Ana, California

*[signature]*
JOANNE M. COANE
WORKERS' COMPENSATION
ADMINISTRATIVE LAW JUDGE

SERVICE:
( ) Applicant ( ) Defense representative
is designated to serve this document on
all parties and interested lien claimants.
Copy served on designated party.
Date: 11-17-15        By: JC

[☒] all parties as shown on Official Address Record.

…ve this/these document(s) forthwith on all parties shown on the Official Address Record.



**STATE OF CALIFORNIA**
**DIVISION OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**
**COMPROMISE AND RELEASE**

ADJ8714470
Case Number 1

Case Number 4

Case Number 2

Case Number 5

Case Number 3

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
SSN (Numbers Only)

**Venue Choice is based upon: (Completion of this section is required)**

☐ County of residence of employee (Labor Code section 5501.5(a)(1) or (d).)

☐ County where injury occurred (Labor Code section 5501.5(a)(2) or (d).)

☒ County of principal place of business of employee's attorney (Labor Code section 5501.5(a)(3) or (d).)

ANA
Select 3 Letter Office Code For Place/Venue of Hearing (From Document Cover Sheet)

**Employee(Completion of this section is required)**

PERRY
First Name                                                      MI

MOSS
Last Name

18 Garrison Road, Apt. 6
Address/PO Box (Please leave blank spaces between numbers, names or words)

Marietta                                              GA        30008
City                                                   State     Zip Code

**Employer Information (Completion of this section is required)**

☒ Insured          ☐ Self-Insured          ☐ Legally Uninsured          ☐ Uninsured

GOLDEN STATE WARRIORS
Employer Name (Please leave blank spaces between numbers, names or words)

1011 BROADWAY
Employer Street Address/PO Box (Please leave blank spaces between numbers, names or words)

OAKLAND                                               CA        94607
City                                                   State     Zip Code

DWC-CA form 10214 (c) (Rev. 11/2008) (Page 1 of 9)

**Applicant's Attorney or Authorized Representative:**

☒ Law Firm/Attorney          ☐ Non Attorney Representative

RON
First Name

MIX
Last Name

_____
Law Firm Number

RON MIX SAN JUAN CAPISTRANO
Law Firm Name

29122 RANCHO VIEJO RD., SUITE 102
Address/PO Box (Please leave blank spaces between numbers, names or words)

SAN JUAN CAPISTRANO                    CA          92675
City                                                    State        Zip Code

**Defendant's Attorney or Authorized Representative:**

☒ Law Firm/Attorney          ☐ Non Attorney Representative

ERIC
First Name

DANOWITZ
Last Name

_____
Law Firm Number

KNOX RICKSEN LOS ANGELES
Law Firm Name

300 S. GRAND AVE. SUITE 3900
Address/PO Box (Please leave blank spaces between numbers, names or words)

LOS ANGELES                            CA          90071
City                                                    State        Zip Code

**Insurance Carrier Information (if known and if applicable - include even if carrier is adjusted by claims administrator)**

TIG SPECIALTY INSURANCE COMPANY
Insurance Carrier Name (Please leave blank spaces between numbers, names or words)

PO BOX 600
Insurance Carrier Street Address/PO Box (Please leave blank spaces between numbers, names or words)

BREA                                    CA          92822
City                                                    State        Zip Code

DWC-CA form 10214 (c) (Rev. 11/2008) (Page 2 of 9)

**Claims Administrator Information (if known and if applicable)**

ZENITH WOODLAND HILLS
Name (Please leave blank spaces between numbers, names or words)

PO BOX 2055
Street Address/PO Box (Please leave blank spaces between numbers, names or words)

WOODLAND HILLS                                    CA        90255
City                                              State     Zip Code

**IT IS CLAIMED THAT:**

1. The injured employee, born 11/11/1958 , alleges that while employed as a(n)
                                (DATE OF BIRTH: MM/DD/YYYY)

PROFESSIONAL ATHLETE                                              , sustained injury
                        (OCCUPATION AT THE TIME OF INJURY)

arising out of and in the course of employment at the locations and during the dates listed below:

(State with specificity the date(s) of injury(ies) and what part(s) of body, conditions or systems are being settled.)

☐ Specific Injury

ADJ8714470                    ☒ Cumulative Injury    4/1/1982              6/15/1996
Case Number 1                                        (Start Date: MM/DD/YYYY)   (End Date: MM/DD/YYYY)
                                                     (If Specific Injury, use the start date as the specific date of injury)

Body Part 1:  BACK        Body Part 2:  ANKLES        Body Part 3:  KNEES

Body Part 4:  FEET        Other Body Parts: UPPER EXT, LOWER EXT, NECK, HEAD, NEURO,
                                            WRISTS, FINGERS, TOES, HEADACHES, SLEEP

The injury occurred at VARIOUS
                        (Street Address/PO Box - Please leave blank spaces between numbers, names or words)

_____        _____   _____
        City              State     Zip Code
Body parts, conditions and systems may not be incorporated by reference to medical reports.

/VC-CA form 10214 (c) (Rev. 11/2008) (Page 3 of 9)

Case Number 2

☐ Specific Injury

☐ Cumulative Injury

(Start Date: MM/DD/YYYY)    (End Date: MM/DD/YYYY)
*(If Specific Injury, use the start date as the specific date of injury)*

Body Part 1: _____    Body Part 2: _____    Body Part 3: _____

Body Part 4: _____    Other Body Parts: _____

The injury occurred at _____
(Street Address/PO Box - Please leave blank spaces between numbers, names or words)

_____    _____    _____
City                State       Zip Code

Body parts, conditions and systems <u>may not be</u> incorporated by reference to medical reports.

Case Number 3

☐ Specific Injury

☐ Cumulative Injury

(Start Date: MM/DD/YYYY)    (End Date: MM/DD/YYYY)
*(If Specific Injury, use the start date as the specific date of injury)*

Body Part 1: _____    Body Part 2: _____    Body Part 3: _____

Body Part 2: _____    Other Body Parts: _____

The injury occurred at _____
(Street Address/PO Box - Please leave blank spaces between numbers, names or words)

_____    _____    _____
City                State       Zip Code

Body parts, conditions and systems <u>may not be</u> incorporated by reference to medical reports.

Case Number 4

☐ Specific Injury

☐ Cumulative Injury

(Start Date: MM/DD/YYYY)    (End Date: MM/DD/YYYY)
*(If Specific Injury, use the start date as the specific date of injury)*

Body Part 1: _____    Body Part 2: _____    Body Part 3: _____

Body Part 4: _____    Other Body Parts: _____

The injury occurred at _____
(Street Address/PO Box - Please leave blank spaces between numbers, names or words)

_____    _____    _____
City                State       Zip Code

Body parts, conditions and systems <u>may not be</u> incorporated by reference to medical reports.

DWC-CA form 10214 (c) (Rev. 11/2008) (Page 4 of 9)

☐ Specific Injury

Case Number 5

☐ Cumulative Injury

(Start Date: MM/DD/YYYY)
(If Specific Injury, use the start date as the specific date of injury)

(End Date: MM/DD/YYYY)

Body Part 1: _____   Body Part 2: _____   Body Part 3: _____

Body Part 4: _____   Other Body Parts: _____

The injury occurred at _____

(Street Address/PO Box - Please leave blank spaces between numbers, names or words)

_____   _____   _____
           City                  State   Zip Code

Body parts, conditions and systems may not be incorporated by reference to medical reports.

2. Upon approval of this compromise agreement by the Workers' Compensation Appeals Board or a workers' compensation administrative law judge and payment in accordance with the provisions hereof, the employee releases and forever discharges the above-named employer(s) and insurance carrier(s) from all claims and causes of action, whether now known or ascertained or which may hereafter arise or develop as a result of the above-referenced injury(ies), including any and all liability of the employer(s) and the insurance carrier(s) and each of them to the dependents, heirs, executors, representatives, administrators or assigns of the employee. Execution of this form has no effect on claims that are not within the scope of the workers' compensation law or claims that are not subject to the exclusivity provisions of the workers' compensation law, unless otherwise expressly stated.

3. This agreement is limited to settlement of the body parts, conditions, or systems and for the dates of injury set forth in Paragraph No. 1 and further explained in Paragraph No. 9 despite any language to the contrary elsewhere in this document or any addendum.

4. Unless otherwise expressly stated, approval of this agreement RELEASES ANY AND ALL CLAIMS OF APPLICANT'S DEPENDENTS TO DEATH BENEFITS RELATING TO THE INJURY OR INJURIES COVERED BY THIS COMPROMISE AGREEMENT. The parties have considered the release of these benefits in arriving at the sum in Paragraph No. 7. Any addendum duplicating this language pursuant to Sumner v WCAB (1983) 48 CCC 369 is unnecessary and shall not be attached.

5. Unless otherwise expressly ordered by the Workers' Compensation Appeals Board or a workers' compensation administrative law judge, approval of this agreement does not release any claim applicant may have for vocational rehabilitation benefits or supplemental job displacement benefits.

6. The parties represent that the following facts are true: (If facts are disputed, state what each party contends under Paragraph No. 9.)

EARNINGS AT TIME OF INJURY $ _____

TEMPORARY DISABILITY INDEMNITY PAID _____   Weekly Rate $ _____

Period(s) Paid _____   _____
              (Start Date: MM/DD/YYYY)   (End Date: MM/DD/YYYY)

PERMANENT DISABILITY INDEMNITY PAID _____   Weekly Rate $ ~~230.00~~

Period(s) Paid _____   End date _____
              (Start Date: MM/DD/YYYY)            (End Date: MM/DD/YYYY)

TOTAL MEDICAL BILLS PAID $ 0.00 _____   Total Unpaid Medical Expense to be Paid By: PER PARA 8

Unless otherwise specified herein, the employer will pay no medical expenses incurred after approval of this agreement.

DWC-CA form 10214 (c) (Rev. 11/2008) (Page 5 of 9)

7. The parties agree to settle the above claim(s) on account of the injury(ies) by the payment of the SUM OF

$ ~~90,000.00~~  111,000.<sup>00</sup>
**Settlement Amount**

The following amounts are to be deducted from the settlement amount:

$ _____ for permanent disability advances through_____

$ _____ for temporary disability indemnity overpayment, if any.

$ 11,000.<sup>00</sup> payable to PRE-SETTLEMENT SOLUTIONS LIVING EXPENSES ADVANCES

$ _____ payable to _____

$ _____ payable to _____

$ _____ payable to _____

$ ~~13,500.00~~ 10,000.<sup>00</sup> requested as applicant's attorney's fee.

LEAVING A BALANCE OF $ ~~76,500.00~~ 90,000.<sup>00</sup> _____ , after deducting the amounts set forth above and less further permanent disability advances made after the date set forth above. Interest under Labor Code section 5800 is included if the sums set forth herein are paid within 30 days after the date of approval of this agreement.

8. Liens not mentioned in Paragraph No. 7 are to be disposed of as follows (Attach an addendum if necessary):

DEFENDANT AGREES TO NEGOTIATE, ADJUST, AND/OR LITIGATION ALL LIENS OF RECORD AS OF THE DATE OF THE ORDER APPROVING COMPROMISE & RELEASE. AT THE TIME OF THE ORDER APPROVING THERE WERE NO LIENS OF RECORD.

PURSUANT TO A SEARCH OF EAMS, THERE ARE CURRENTLY NO LIENS OF RECORD.

DEFENDANT RESERVES RIGHT TO CONTRIBUTION FROM ALL SUBSEQUENT TEAMS AND THEIR CARRIERS (1987-6/15/1996): PENSACOLA TORNADOES, LA CROSSE CATBIRDS, TOPEKA SIZZLERS, ORLANDO MAGIC, ROCKFORD LIGHTNING, YAKIMA SUN KINGS, CONNECTICUT PRIDE, HARTFORD HELLCATS, HOUSTON ROCKETS, AND ATLANTA HAWKS.

DEFENDANT ALSO RESERVES RIGHT TO CONTRIBUTION AGAINST ACE USA/ESIS AND PHILADELPHIA 76ERS, Pensacola Tornadoes, Inc., La Crosse Catbirds, Topeka Sizzlers Sports Entertainment, Inc., Orlando Magic, Rockford Lightning, Yakima Sun Kings, Conn. Pride, APPLICANT ELECTS AGAINST TIG AND GOLDEN STATE WARRIORS.

Defendant also reserves right to contribution against Hartford Hellcats, Houston Rockets, Atlanta Hawks, and any/all carriers for these teams and the teams listed above.

As part of this settlement the lien of Pre-Settlement Solutions Living Expenses Advances is resolved, with the amount of $11,000.<sup>00</sup> being deducted from applicants settlement, with this amount being paid directly to Pre-Settlement Solutions Living Expenses Advances by Defendant within thirty (30) days from payment instructions being provided to Defendant from the applicant attorney's office.

9. The parties wish to settle these matters to avoid the costs, hazards and delays of further litigation, and agree that a serious dispute exists as to the following issues (initial only those that apply). ONLY ISSUES INITIALED BY APPLICANT OR HIS/HER REPRESENTATIVE AND DEFENDANTS, REPRESENTATIVES ARE INCLUDED WITHIN THIS SETTLEMENT.

| Applicant | Defendant | |
|---|---|---|
| R m | aN | earnings |
| R M | wN | temporary disability |
| R m | aN | jurisdiction |
| R m | wN | apportionment |
| R m | wO | employment |
| R m | wN | injury AOE/COE |
| R m | wN | serious and willful misconduct |
| R m | wN | discrimination (Labor Code §132a) |
| R m | wN | statute of limitations |
| R m | wN | future medical treatment |
| R m | wN | other  INTEREST ; SEE Exh.b.T ''1'' HARTMAN |
| R m | wN | permanent disability |
| R m | aN | self-procured medical treatment, except as provided in Paragraph 7 |
| R m | wN | vocational rehabilitation benefits/supplemental job displacement benefits |

OUT OF POCKET EXPENSES, MILEAGE, PENALTIES AND

COMMENTS:
1) ~~THIS SETTLEMENT IS BASED ON A GOOD FAITH DISPUTE REGARDING THE ISSUES OF~~
STATUTE OF LIMITATIONS AND AOE/COE;
2) THE SETTLEMENT OF THIS CLAIM, WHICH DEFENDANT DENIED, RESOLVES ALL ISSUES
BETWEEN APPLICANT AND DEFENDANT [INCLUDING, BUT NOT LIMITED TO, TD, PD,
AOE/COE, NATURE AND EXTENT, OUT OF POCKET EXPENSES, PENALTIES AND INTEREST,
APPORTIONMENT, FUTURE MEDICAL CARE];
3) THIS SETTLEMENT RESOLVES ANY AND ALL DATES OF INJURY RELATED TO THE
APPLICANT'S EMPLOYMENT PERIOD AS A PROFESSIONAL BASKETBALL PLAYER IN THE
NATIONAL BASKETBALL ASSOCIATION, CONTINENTIAL BASKETBALL ASSOCIATION, AND
ANY OTHER PROFESSIONAL BASKETBALL TEAM INTERNATIONALLY FROM 4/1/1982-
6/15/1996;
4) DEFENDANT DENIES INJURY AOE/COE TO ALL BODY PARTS;
3) PENALITES AND INTEREST WAIVED IF PAYMENT MADE WITHIN 30 DAYS OF ORDER
APPROVING COMPROMISE & RELEASE.

Any accrued claims for Labor Code section 5814 penalties are included in this settlement unless expressly excluded.

10. It is agreed by all parties hereto that the filing of this document is the filing of an application, and that the workers' compensation administrative law judge may in its discretion set the matter for hearing as a regular application, reserving to the parties the right to put in issue any of the facts admitted herein and that if hearing is held with this document used as an application, the defendants shall have available to them all defenses that were available as of the date of filing of this document, and that the workers' compensation administrative law judge may thereafter either approve this Compromise and Release or disapprove it and issue Findings and Award after hearing has been held and the matter regularly submitted for decision.

**11. WARNING TO EMPLOYEE:** SETTLEMENT OF YOUR WORKERS' COMPENSATION CLAIM BY COMPROMISE AND RELEASE MAY AFFECT OTHER BENEFITS YOU ARE RECEIVING TO WHICH YOU BECOME ENTITLED TO RECEIVE IN THE FUTURE FROM SOURCES OTHER THAN WORKERS' COMPENSATION, INCLUDING BUT NOT LIMITED TO SOCIAL SECURITY, MEDICARE AND LONG-TERM DISABILITY BENEFITS.

**THE APPLICANT'S (EMPLOYEE'S) SIGNATURE MUST BE ATTESTED TO BY TWO DISINTERESTED PERSONS OR ACKNOWLEDGED BEFORE A NOTARY PUBLIC**

By signing this agreement, applicant (employee) acknowledges that he/she has read and understands this agreement and has had any questions he/she may have had about this agreement answered to his/her satisfaction.

Witness the signature hereof this __17TH__ day of __NOVEMBER__ , 2015        at __SANTA ANA , CA__

| | |
|---|---|
| _____ Witness 1        11/17/15 (Date) | _____ Applicant (Employee)        11/17/15 (Date) |
| _____ Witness 2        11/17/15 (Date) | perry moss  _____ Attorney for Applicant        11/19/15 (Date) |
| _____ Interpreter        (Date) | RON MIX  LAW OFFICES OF RON MIX  Attorney for Defendant        11/17/15 (Date) |
| | ERIC J. DANOWITZ  KNOX RICKSEN LLP  Attorney for Defendant        (Date) |
| | _____ Attorney for Defendant        (Date) |
| | _____ Attorney for Defendant        (Date) |

DWC-CA form 10214 (c) (Rev. 11/2008) (Page 8 of 9)

Exhibit "1"

HARTMAN ANALYSIS

AFTER PAYMENT OF ATTORNEYS FEES, APPLICANT WILL NET $101,000.00. BASED ON his LIFE EXPECTANCY OF 21 YEARS, APPLICANT WOULD RECEIVE $402.00 A MONTH IF PAYMENTS WERE AMORTIZED OVER 252 MONTHS, AN AMOUNT BELOW THE INTEREST OF SOCIAL SECURITY. FURTHER, THIS IS A DENIED CLAIM AND THE PARTIES ARE SETTLING TO PURCHASE PEACE.

November 17, 2015          LAW OFFICES OF RON MIX

                           By: Ron Mix
                              RONALD J. MIX

STATE OF CALIFORNIA
**WORKERS' COMPENSATION APPEALS BOARD**

Perry Moss                                    *Applicant,*

v.

Golden State Warriors                         *Defendants,*

CASE NUMBER(s): _ADJ8714470_

MINUTES OF HEARING/ORDER/ORDER AND
DECISION ON REQUEST FOR CONTINUANCE/
ORDER TAKING OFF CALENDAR/
NOTICE OF HEARING

☐ BEFORE   ☐ AT   ☐ TRIAL   ☒ MSC   ☐ CONF/LIEN CONF
☐ EXP HEARING

DATE OF HEARING   1/5/17            REQUEST _____

**APPEARANCES:**   **APPLICANT**   ☒ PRESENT   ☐ NOT PRESENT
**APPLICANT REPRESENTED BY**   _IN PROPER_   ☐ ATTORNEY   ☐ HEARING REP.
**DEFENDANT REPRESENTED BY** Hanna Brophy Riv by Alan Krause   ☒ ATTORNEY   ☐ HEARING REP.
**OTHERS APPEARING** TIG/Zenith ny Lenox Decker by Eric Damonte ☒ ATTORNEY   ☐ HEARING REP.
(LIEN REPS SIGN IN ON SUPPLEMENTAL SHEETS)

**INTERPRETER** _____   CERTIFICATION NO. _____
**PARTY MAKING REQUEST**   ☒ JOINT   ☐ APPLICANT   ☐ DEFENDANT   ☐ LIEN CLAIMANT _____
**REQUEST FOR:**   ☐ CONTINUANCE   ☒ OTOC   REQUEST BY:   ☐ LETTER   ☐ TELEPHONE
**POSITION OF OPPOSING PARTY**   ☐ AGREE   ☐ OPPOSE   ☐ UNREACHABLE   ☐ UNKNOWN

| **REASON FOR REQUEST** | **BOARD REASON** |
|---|---|
| ☐ DISCOVERY: ☐ APP MED ☐ DEF MED ☐ AME/PQME ☐ DEPO | ☐ INSUFFICIENT TIME   ☐ TO START   ☐ TO FINISH |
| ☐ CALENDAR CONFLICT: ☐ APPLICANT   ☐ DEFENSE   ☐ L.C. | ☐ REASSIGNMENT: ☐ REFUSED   ☐ NOT AVAILABLE |
| ☐ SETTLEMENT PENDING | ☐ REPORTER ☐ INTERPRETER   ☐ NOT AVAILABLE |
| ☐ IMPROPER/INSUFFICIENT NOTICE BY PARTY | ☐ WCJ NOT AVAILABLE   ☐ RECUSAL |
| ☐ IMPROPER DECLARATION OF READINESS/VALID OBJECTION | ☐ UEBTF ISSUES ☐ SERVICE DEFFECTIVE ☐ BANKRUPTCY |
| ☐ NON-APPEARANCE ☐ APP ☐ DEF ☐ LIEN CLAIMANT ☐ WITNESS | ☐ DEFFECTIVE WCAB NOTICE ☐ ARBITRATION |
| ☐ APPLICANT ☐ DEF COUNSEL   ☐ VACATION   ☐ ILLNESS | OTHER/COMMENTS: DEF. DOR CONTRIBUTION |
| ☐ UNAVAILABILITY OF WITNESSES   ☐ APP   ☐ DEFENSE | ADDITIONAL CARRIERS TO BE |
| ☐ DISPUTE RESOLVED BY AGREEMENT   ☐ NO ISSUES PENDING | JOINED. OTC REQUESTED. |
| ☐ JOINDER ☐ CONSOLIDATION ☐ VENUE ☐ NEW APPLICATION | CASE SETTLED IN 2015. |
| ☐ AUTO REASSIGN   ☐ DISQUALIFY   ☐ APP   ☐ DEFENDANT | |
| ☐ APPLICANT NOW REPRESENTED ☐ REQUESTS REPRESENTATION | APPLICANT IS PRESENT. DISCUSSED |
| ☐ CHANGE OF CIRCUMSTANCES | SETTLEMENT CONSIDERATIONS |

**GOOD CAUSE APPEARING, IT IS ORDERED THAT THE REQUEST FOR** ☐ CONT ☐ OTOC IS ☒ GRANTED ☐ DENIED

AND THAT TIME FOR RECON HAS PASSED

☒ OTOC   ☐ C & R/STIPS SUBMITTED FOR APPROVAL   ☐ C & R/STIPS APPROVED
☐ LIEN STIPS AND ORDER APPROVED ☐ N.O.I. TO DISMISS LIEN ISSUED
☐ SET FOR: ☐ MSC   ☐ LIEN/ STATUS CONF   ☐ TRIAL   ☐ LIEN TRIAL   ☐ CONT'D TESTIMONY   TIME: ☐ 2 HRS   ☐ 4HRS   ☐ DAY

SET ON _____ AT _____ LOCATION _____   BEFORE JUDGE _____
☐ SUPPLEMENTAL PAGES ATTACHED _____ PAGES

DATE   JAN 0 5 2017

NIKO PARIS
WORKERS' COMPENSATION PRO-TEM   Presiding Judge

NOTICE TO ☐DEF/☐APP/ L.C. Pursuant to Rule 10500 you are designated to serve this/these document(s) on all parties as shown on the Official Address Record. Personal service on designated server by above WCJ on above date.

1  For the foregoing reasons,

2      IT IS HEREBY ORDERED as the Decision After Reconsideration of the Workers'

3  Compensation Appeals Board that applicant's Petition for Reconsideration filed herein on January 6,

4  2017, is **DISMISSED** as a Petition for Reconsideration and is deemed to be a **PETITION TO**

5  **REOPEN AND SET ASIDE THE OACR**, and this matter is **RETURNED** to the trial level for such

6  further proceedings and decision thereon as the WCJ deems appropriate.

7

8                          **WORKERS' COMPENSATION APPEALS BOARD**

9

10                          _Cristine E. Gondak_      **DEPUTY**

11

12  I CONCUR,                          **CRISTINE E. GONDAK**

13

14

15

16      **MARGUERITE SWEENEY**

17

18

19      **JOSÉ H. RAZO**

20

21  **DATED AND FILED AT SAN FRANCISCO, CALIFORNIA**

                      MAR 2 1 2017

22

23  **SERVICE MADE ON THE ABOVE DATE ON THE PERSONS LISTED ON THE FOLLOWING PAGE AT THEIR ADDRESSES SHOWN ON THE CURRENT OFFICIAL ADDRESS RECORD.**

24

25

26  AS/SVH/ara

27

    MOSS, Perry                        4

Perry V. Moss (FAXED Outline of 6/29/2017, Telephonic Conference)
270 Cobb Parkway South Ste. 140                    WCAB case #ADJ 8714470
Marietta, Ga. 30060                                 Claim # 538220
770 549-5166

PERRY V. MOSS vs. GOLDEN STATE WARRIORS/TIG ZENITH INS. COMP. Defendants
                    applicant
To the PWCJ (Judge Joanne Coane) request for a transcript of todays tele-
phonic Informal conference call/June 29, 2017. At the request of the applicant,
may all parties receive copies of today outline as set forth by the plaintiff.
First, the applicant, Moss "wishes to acknowledge the "Petition For Finding
Fact as reason to change/add the D.O.I. as 01/04/1997" Document Date
may 12, 2017, Received Date May 19, 2017. Factual proof of evidence displayed
with an ABA basketball contract signed by the applicant in December of 1996
thru April of 1997. Moss "only participated in 3 games, resulting in his termin-
ation on January 4th, 1997.
Second, Moss "wishes to establish the B&B Permanent Impairment Ratings Med-
ical Report percentages that estimate an 89.25% P.D. rating which yields a
137, 942 # award. Also a Life Pension commutation of 23.2 years. An attorney/
based on the D.O.I at 01/04/1997 and commutation of 23.2 years. An attorney/
Fee and intentional delay penalty Fee of 10% has also been added. There-
Fore, the total sum of 242,718 dollars is the endorsed compensation For
both P.D. rating and Life Pension commutation. The B&B Permanent Impair-
ment Ratings & Medical File Consultation explain the Total P.D. ratings esti-
mate and Exhibit D (spread sheet) explain the Life Pension Estimate. These
documents are available in said applicants 6/12/2017 Document Date and
Received Date 6/19/2017 Filing.
Third, the apportionment. For compiling Life Medical on various multiple body parts
and psychological evaluation has not been compiled as of today. It is deemed as an
above average level of complexity and could potentially involve highly dis-
puted medical procedures, issues and or etc. Let the record establish that the
applicant has demonstrated his skill in (1) retrieving his P.D. rating (2) Life
Pension commutation (3) True D.O.I. and (4) Life Medical Qualifications
all based on a 70% or greater P.P. rating, usually
Fourth please note, all of these actions are performed by a recognized
specialist. It is the HOPE of the plaintiff, that the PWCJ (Joanne Coane)
is satisfied that there is an adequate basis of facts and valuable time
involvement that should be realized and recognized as an act of good
Cause and good Faith. Please grant the approval of the applicants
request of 242,718 # dollars of commutation of P.P. rating and
Life Pension, along with Future Medical procedures and/or other
essential medical matters.        Sincerely Perry V. Moss
                      Executed on June 29, 2017 Telephonic Conference

c.c. TIG Zenith Ins. Comp. Jennifer Waffle
(L)   Chernow + Lieb, Tom Valentine
      E. Danowitz d S. Mendoza, KNOX RICKSEN LLP
      All parties that matter

STATE OF CALIFORNIA
Division of Workers' Compensation
Workers' Compensation Appeals Board

| | |
|---|---|
| **PERRY MOSS,** | Case No. ADJ8714470 |
| *Applicant,* | |
| vs. | **FINDINGS AND ORDER** |
| **GOLDEN STATE WARRIORS; TIG SPECIALTY INSURANCE COMPANY, now known as TIG/FAIRMONT PREMIER INSURANCE COMPANY, administered by ZENITH INSURANCE COMPANY** | |
| *Defendants.* | |

PERRY VICTOR MOSS
Applicant in Propria Persona

CHERNOW & LIEB
By: TOM VALENTINE
Attorney for Defendants TIG/Fairmont Premier
Insurance Company, administered by Zenith Insurance
Company, and Golden State Warriors

The above entitled matter having been heard and regularly submitted, the Honorable **Joanne M. Coane**, Workers' Compensation Administrative Law Judge, now decides as follows:

## FINDINGS OF FACT

1. The applicant, PERRY MOSS, born November 11, 1958, while employed during the period from approximately April 1, 1982 through approximately June 15, 1996, as a professional athlete, occupational group number 590, at various locations, including

some within the state of California, by the GOLDEN STATE WARRIORS, insured for workers' compensation by TIG SPECIALTY INSURANCE COMPANY, now known as TIG / FAIRMONT PREMIER INSURANCE COMPANY, administered by ZENITH INSURANCE COMPANY, and by the PHILADELPHIA 76ERS, insured for workers' compensation by the INSURANCE COMPANY OF NORTH AMERICA / ACE USA, administered by ESIS, claims to have sustained injury arising out of employment and in the course of employment to multiple body parts, including but not limited to his head, neck, upper and lower extremities, and neurological system, resulting in headaches and sleep problems.

2. At trial proceedings on November 17, 2015, the applicant PERRY MOSS and the defendant the GOLDEN STATE WARRIORS, through its insurer TIG SPECIALTY INSURANCE COMPANY, now TIG / FAIRMONT PREMIER INSURANCE COMPANY, administered by ZENITH INSURANCE COMPANY, entered into a COMPROMISE AND RELEASE [C&R] agreement, for the lump sum settlement amount of $111,000.00.

3. At trial proceedings on November 17, 2015, this Trial Court issued an ORDER APPROVING COMPROMISE AND RELEASE [OACR], wherein the Trial Court approved all of the terms of the parties' November 17, 2015 COMPROMISE AND RELEASE [C&R].

4. The applicant filed a January 6, 2017 PETITION FOR RECONSIDERATION [PETITION], which is approximately one year and one and one-half months after the Trial Court issued the November 17, 2015 OACR, wherein the applicant essentially requested that the Trial Court vacate and set aside the OACR, based upon his allegations of fraud, duress, newly discovered evidence, and concerns regarding his level of permanent disability and future medical treatment needs.

5. The Trial Court filed a February 7, 2017 REPORT AND RECOMMENDATION OF CALIFORNIA WORKERS' COMPENSATION ADMINSTRATIVE LAW JUDGE ON PETITION FOR RECONSIDERATION [REPORT], recommending that the applicant's January 6, 2017 PETITION FOR RECONSIDERATION be denied, based upon its lack of factual and legal merit and based upon the untimeliness of the PETITION, pursuant to the Labor Code Section 5903 twenty day time limitation, which relates to the filing of a petition for reconsideration from any "final order," which includes an OACR.

6. The WORKERS' COMPENSATION APPEALS BOARD [WCAB] issued a March 21, 2017 OPINION AND DECISION AFTER RECONSIDERTION, wherein the WCAB dismissed the applicant's January 6, 2017 PETITION FOR RECONSIDERATION, and re-designated it as a Labor Code Section 5803 PETITION TO REOPEN AND SET ASIDE THE OACR. The WCAB then returned this matter back to the trial level, "so that a hearing may be set to consider" the applicant's re-designated PETITION TO REOPEN TO SET ASIDE THE OACR.

7.  The applicant's re-designated January 6, 2017 PETITION TO REOPEN AND SET ASIDE THE OACR was tried over the course of two days on July 31, 2017 and on September 11, 2017.

8.  Having very carefully considered the totality of parties' documentary and testimonial evidence, the Trial Court finds that the applicant has not demonstrated any "good cause," for the Trial Court to vacate and set aside the Trial Court's November 17, 2015 OACR.

9.  Therefore, the Trial Court's November 17, 2015 OACR remains in effect.

### ORDER

The Trial Court's November 17, 2015 ORDER APPROVING COMPROMISE AND RELEASE [OACR] remains in effect.

DATE: December 22, 2017

_____
**Joanne M. Coane**
WORKERS' COMPENSATION LAW JUDGE

Control # 6869                                                                                   Page 9

## Exhibit "C" - ITEMIZED STATEMENT JUSTIFYING LIEN WITH WCAB

The following is the "Amounts and Disclosure of Terms" reflected in Paragraph III on Page 1 of the Agreement. This will be submitted to the WCAB with the Notice and Request for Allowance of Lien.

A. The Principal is the amount that Claimant will receive in-pocket, plus applicable origination and delivery fees. Interest is charged on the total amount of the Principal.

- The amount Claimant will receive in-pocket is Two Thousand Five Hundred Dollars ($2,500.00).
- The one-time origination fee to review the information in support of the advance and to prepare the documents is $200.00.
- The one-time delivery fee is $50.00 (deducted from Principal at time of funding).
- The total amount of the Principal is Two Thousand Seven Hundred and Fifty Dollars ($2,750.00).
- 4% interest (simple) per month (or portion thereof) will be charged on the total amount of the Principal until the total amount due has been repaid.

B. The Repayment Schedule is:

| # | Period | Amount |
|---|---|---|
| 1 | February 5, 2015 - March 7, 2015 | $2,860.00 |
| 2 | March 8, 2015 - April 6, 2015 | $2,970.00 |
| 3 | April 7, 2015 - May 6, 2015 | $3,080.00 |
| 4 | May 7, 2015 - June 5, 2015 | $3,190.00 |
| 5 | June 6, 2015 - July 5, 2015 | $3,300.00 |
| 6 | July 6, 2015 - August 4, 2015 | $3,410.00 |
| 7 | August 5, 2015 - September 3, 2015 | $3,520.00 |
| 8 | September 4, 2015 - October 3, 2015 | $3,630.00 |
| 9 | October 4, 2015 - November 2, 2015 | $3,740.00 |
| 10 | November 3, 2015 - December 2, 2015 | $3,850.00 |
| 11 | December 3, 2015 - January 1, 2016 | $3,960.00 |
| 12 | January 2, 2016 - January 31, 2016 | $4,070.00 |
| 13 | February 1, 2016 - March 1, 2016 | $4,180.00 |
| 14 | March 2, 2016 - March 31, 2016 | $4,290.00 |
| 15 | April 1, 2016 - April 30, 2016 | $4,400.00 |
| 16 | May 1, 2016 - May 30, 2016 | $4,510.00 |
| 17 | May 31, 2016 - June 29, 2016 | $4,620.00 |
| 18 | June 30, 2016 - July 29, 2016 | $4,730.00 |
| 19 | July 30, 2016 - August 28, 2016 | $4,840.00 |
| 20 | August 29, 2016 - September 27, 2016 | $4,950.00 |
| 21 | September 28, 2016 - October 27, 2016 | $5,060.00 |
| 22 | October 28, 2016 - November 26, 2016 | $5,170.00 |
| 23 | November 27, 2016 - December 26, 2016 | $5,280.00 |
| 24 | December 27, 2016 - January 25, 2017 | $5,390.00 |
| 25 | January 26, 2017 - February 24, 2017 | $5,500.00 |

If repayment will be made after the last date referenced above, please contact PreSettlement Solutions for updated payoff information.

Acknowledged and Lien Consented
to by Injured Worker:

Signature of Injured Worker
PERR / V. MOSS

Claimant's Initials _____

Acknowledged by Counsel to
Injured Worker:

Signature of Counsel to Injured
Worker: RON MIX


PreSettlement Solutions

Control # 6355                                                                    Page 9

### Exhibit "C" - ITEMIZED STATEMENT JUSTIFYING LIEN WITH WCAB

The following is the "Amounts and Disclosure of Terms" reflected in Paragraph III on Page 1 of the Agreement. This will be submitted to the WCAB with the Notice and Request for Allowance of Lien.

A. The Principal is the amount that Claimant will receive in-pocket, plus applicable origination and delivery fees. Interest is charged on the total amount of the Principal.

- The amount Claimant will receive in-pocket is Two Thousand Nine Hundred and Fifty Dollars ($2,950.00).
- The one-time origination fee to review the information in support of the advance and to prepare the documents is $225.00.
- The one-time delivery fee is $50.00 (deducted from Principal at time of funding).
- The total amount of the Principal is Three Thousand Two Hundred and Twenty-Five Dollars ($ 3,225.00).
- 4% interest (simple) per month (or portion thereof) will be charged on the total amount of the Principal until the total amount due has been repaid.

B. The Repayment Schedule is:

| 1 | July 1, 2015 - July 31, 2015 | $3,354.00 |
| 2 | August 1, 2015 - August 30, 2015 | $3,483.00 |
| 3 | August 31, 2015 - September 29, 2015 | $3,612.00 |
| 4 | September 30, 2015 - October 29, 2015 | $3,741.00 |
| 5 | October 30, 2015 - November 28, 2015 | $3,870.00 |
| 6 | November 29, 2015 - December 28, 2015 | $3,999.00 |
| 7 | December 29, 2015 - January 27, 2016 | $4,128.00 |
| 8 | January 28, 2016 - February 26, 2016 | $4,257.00 |
| 9 | February 27, 2016 - March 27, 2016 | $4,386.00 |
| 10 | March 28, 2016 - April 26, 2016 | $4,515.00 |
| 11 | April 27, 2016 - May 26, 2016 | $4,644.00 |
| 12 | May 27, 2016 - June 25, 2016 | $4,773.00 |
| 13 | June 26, 2016 - July 25, 2016 | $4,902.00 |
| 14 | July 26, 2016 - August 24, 2016 | $5,031.00 |
| 15 | August 25, 2016 - September 23, 2016 | $5,160.00 |
| 16 | September 24, 2016 - October 23, 2016 | $5,289.00 |
| 17 | October 24, 2016 - November 22, 2016 | $5,418.00 |
| 18 | November 23, 2016 - December 22, 2016 | $5,547.00 |
| 19 | December 23, 2016 - January 21, 2017 | $5,676.00 |
| 20 | January 22, 2017 - February 20, 2017 | $5,805.00 |
| 21 | February 21, 2017 - March 22, 2017 | $5,934.00 |
| 22 | March 23, 2017 - April 21, 2017 | $6,063.00 |
| 23 | April 22, 2017 - May 21, 2017 | $6,192.00 |
| 24 | May 22, 2017 - June 20, 2017 | $6,321.00 |
| 25 | June 21, 2017 - July 20, 2017 | $6,450.00 |

If repayment will be made after the last date referenced above, please contact PreSettlement Solutions for updated payoff information.

Acknowledged and Lien Consented          Acknowledged by Counsel to
to by Injured Worker:                     Injured Worker:

Claimant's Initials: _P.V.M._



**STATE OF CALIFORNIA**
**DWC DISTRICT OFFICE**

**DOCUMENT COVER SHEET**



Is this a new case?  Yes ☐   No ☑   Companion Cases Exist ☐   Walkthrough Yes ☐   No ☐

More than 15 Companion Cases ☐

08/07/2017
Date:(MM/DD/YYYY)                                                          SSN _____

                                        ☐ Specific Injury

ADJ8714470                   ☑ Cumulative Injury   04/01/1982          06/15/1996 ~~added 1/4/19~~
Case Number 1                                      (Start Date: MM/DD/YYYY)   (End Date: MM/DD/YYYY)
                                                        (If Specific Injury, use the start date as the specific date of injury)

Body Part 1: 398 _upper Ext._          Body Part 3: 598 LOWER Ext.

Body Part 2: 498 _Trunk_               Body Part 4: 800 Body Sys.

Other Body Parts: 700 _Multiple_   842 PSYCH

---

**Please check unit to be filed on ( check only one box )**

☑ ADJ   ☐ DEU   ☐ SIF   ☐ UEF        ☐ INT   ☐ RSU

**Companion Cases**

                                        ☐ Specific Injury

Case Number 2              ☐ Cumulative Injury   (Start Date: MM/DD/YYYY)   (End Date: MM/DD/YYYY)
                                                        (If Specific Injury, use the start date as the specific date of injury)

Body Part 1: _____          Body Part 3: _____

Body Part 2: _____          Body Part 4: _____

Other Body Parts: _____

DWC-CA form 10232.1 Rev.  9/2014 - Page 1 of 8

Eric J. Danowitz – SBN 259334
Stella F. Mendoza – SBN 136927
**KNOX RICKSEN LLP**
888 W. 6th Street, Suite 900
Los Angeles, CA  90017
Telephone: (213) 281-9171
Facsimile: (213) 281-9177

Attorneys for Defendant,
TIG INSURANCE COMPANY

## WORKERS' COMPENSATION APPEALS BOARD

PERRY MOSS,

        Applicant,

vs.

THE GOLDEN STATE WARRIORS; c/o
TIG INSURANCE COMPANY,

        Defendant.

WCAB No.  ADJ8714470

**NOTICE OF MANDATORY
SETTLEMENT CONFERENCE**

DATE: 01/05/17
TIME: 8:30 AM

**PLEASE BE ADVISED** that this matter is now scheduled for hearing as follows:

| Hearing | : | **Mandatory Settlement Conference** |
| **WCAB** | : | **Workers Compensation Appeals Board**<br>**605 Santa Ana Blvd., Bldg 28, Rm. 451**<br>**Santa Ana, CA 92701** |
| **Date & Time:** | | **01/05/2017 at 8:30 a.m.** |
| **Judge** | : | **Joanne Coane** |

Dated: September 27, 2016

                           **KNOX RICKSEN LLP**

                           By:_____
                           Eric J. Danowitz
                           **Attorneys for Defendant**

- 1 -

1  Alan A. Krause, **(BAR # 282551)**
   HANNA, BROPHY, MacLEAN, McALEER & JENSEN, LLP
2  P. O. Box 12488
   Oakland, CA  94604-2488
3  Telephone: 951 - 779-9415

4  Attorneys for Defendant, ACE, USA (adm'd by E.S.I.S.)

5

6              BEFORE THE WORKERS' COMPENSATION APPEALS BOARD

7                       OF THE STATE OF CALIFORNIA

8

9

10 | Perry V. Moss,                      |    WCAB Case No. ADJ8714470

11 |          Applicant,                 |    **NOTICE OF MANDATORY SETTLEMENT**
                                              **CONFERENCE**
12 | vs.

13 |
   | Indiana Pacers, v ACE, USA (adm'd by
14 | E.S.I.S.) ,

15 |

16 |          Defendant(s).

17

18         TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: Notice is hereby given

19 that the above-entitled case set for **Mandatory Settlement Conference** before the

20 Workers' Compensation Appeals Board of the State of California at 605 Santa Ana Blvd.,

21 Bldg 28, Rm. 451 Santa Ana, CA 92701:

22              **DATE:**      **January 5th, 2017**

23              **TIME:**      **8:30 a.m.**

24              **JUDGE:**     **Joanne Coane**

25         You have a right to have an interpreter present if you do not proficiently speak or

26 understand the English language.

27         **Disability accommodation is available upon request.**  Any person with the

28

1  disability requiring an accommodation, auxiliary aid or service, or a modification of policies

2  or procedures to ensure effective communication and access to the programs of the

3  Division of Workers Compensation should contact the **Disability Accommodation**

4  **Coordinator** at the local District Office of the WCAB, or the state-wide disability

5  accommodation coordinator at 1-866-681-1459 (toll-free).   The state-wide **Disability**

6  **Accommodation Coordinator can also be reached through the California Relay**

7  **Service, by dialing 711 or 1-800-735-2929 (TTY) or 1-800855-3000 (TTY Spanish).**

8       Accommodations can include modification of policies or procedures of auxiliary aids

9  of services.  Accommodations include, but are not limited to, and Assistive Listening

10  System (ALS), a Computer-Aided Transcription System or Communication Access Real-

11  time Translation (CART), a sign language interpreter, documents in Braille, large print or

12  on a computer disk, and audio cassette recording.  Accommodation requests should be

13  made as soon as possible.  Request for ALS or CART should be made no later than five

14  (5) days before the hearing.

15

16  DATED:      October 6, 2016

17                    Respectfully submitted,

18            HANNA, BROPHY, MacLEAN, McALEER and JENSEN, LLP

19

20       By:    _____
                Alan A. Krause
                Attorneys for Defendant, ACE, USA (adm'd by E.S.I.S.)

21

22                                                           SBC07611|WF44

23

24

25

26

27

28



# B&B Permanent Impairment Ratings
# &
# Medical File Consultation

**Injured Worker Information:**

| Name | PERRY V. MOSS | Birth Date | 1958 |
|---|---|---|---|
| Claim Number | ADJ8714470/ #538220 | Injury Date | CT 04/01/82-01/04/1997 |
| Occupation/Group | Professional basketball/ 58 | Age at DOI | 36-37 |

## DISCUSSION:

DOB: 1958
Occ: professional basketball player
Injury: 04/01/1982-01/04/1997

| Pre-1997 PDRS – Work Restrictions | | |
|---|---|---|
| **Disability** | **Page** | **PD formula** |
| Psyche | | *.85 (1.4 – 30% - 59L – 47 – 46:0) 39:0%* |
| Spine | | *.9 (18.1 – 20% - 59L – 34 – 33:2) 30:1%* |
| Bilateral shoulders | | *.9 (7.3 – 8% - 59K – 15 – 14:2) 13:0%* |
| Left wrist/ hand | | *.9 (7.7 – 15% - 59K – 25 – 24:2) 22.0%* |
| Bilateral hips/ lower extremities | | *.9 (21.2 – 30% - 59L – 47 – 46:0) 41:2* |

MDT:
Upper extremities – greatest and approximately ½ of all others: 22:0 + ½ (13:0) = 28:2

41:2, 39:0, 30:1, 28:2 = **89:1 (89.25% TOTAL PD = $137.942.50 plus life pension**

CONFIDENTIAL

## RATINGS

**Psyche:**
Work function impairments:

| | |
|---|---|
| 1. slight | 10 |
| 2. very slight to slight | 7.5 |
| 3. slight to slight to moderately | 15 |

Group I total = 23.75

| | |
|---|---|
| 4. slight to moderately | 8 |
| 5. slight to slight to moderately | 13.5 |
| 6. slight to slight to moderately | 3 |
| 7. slight to slight to moderately | 5.5 |
| 8 slight to slight to moderately | 3 |

Group II total = 17.4

***Standard rating = 30%***

***Apportionment:  15% non-industrial***

***.85 (1.4 – 30% - 59L – 47 – 46:0) 39:0%***

### Ortho
<u>cervical:</u>  no rep ROM and prolonged upward/downward gazing
<u>lumbar:</u> no rep bending and stooping, rep heavy lifting, pushing, and pulling of weights greater than 30 pounds, and prolonged sitting.

The cervical spine restrictions are entirely subsumed by the lumbar restrictions.

The preclusion from prolonged sitting is duplicated by the lower extremity preclusions, and will be addressed within that standard rating.

We will assuming that "no repetitive" applies to all that follows: "heavy lifting, pushing, and pulling of weights greater than 30 pounds". This would reflect an approximate 25% loss of capacity for lifting, pushing, and pulling.

***We will use 20% standard for the spine, after consideration of overlap and duplication of work restrictions.***

**.9 (18.1 – 20% - 59L – 34 – 33:2) 30:1%**

<u>bilateral shoulder:</u> no repetitive work at or above shoulder level

This is 13% standard for the bilateral upper extremities.

.9 (7.3 – 13% - 59K – 22 – 21:2) 19:1
However, there is overlap inherent with the spine limitation, which precludes all repetitive heavy work (below, at, or above shoulder level).

**After consideration of overlap, the bilateral shoulder restrictions would result in 8% standard.**

**.9 (7.3 – 8% - 59K – 15 – 14:2) 13:0%**

<u>bilateral elbows:</u> no rep heavy lifting, pushing and pulling of greater than 30 lbs.

**This is entirely subsumed by the lumbar spine work restrictions.**

<u>left wrist, hand and fingers:</u> no rep gripping and grasping, twisting, torqueing and rep fine manipulation.

This would reflect 50% loss of gripping grasping, twisting, torqueing, and an approximate 12.5% loss of finger dexterity.

**This is 15% standard [although it might be argued that there is some additional overlap with strength limitations between the spine and left wrist].**

**.9 (7.7 – 15% - 59K – 25 – 24:2) 22.0%**

<u>bilateral hips:</u> no kneeling, squatting, crawling, and stair/ladder climbing on more than an occasional basis, prolonged sitting/weight bearing for longer than two hours without opportunity to change positions as needed, and walking on uneven surfaces on more than an occasional basis
<u>left knee:</u> no kneeling, squatting, crawling and stair/ladder climbing on more than an occasional basis, walking on uneven surfaces on more than an occasional basis and walking at unprotected heights
<u>bilateral feet:</u>  no prolonged walking on uneven surfaces, and tiptoe walking on more than an occasional basis

CONFIDENTIAL

The left knee and bilateral feet preclusions are subsumed by the bilateral hip preclusions. [A preclusion from walking at unprotected heights is subsumed by the preclusion from climbing.]

The 75% loss of capacity for these activities includes some inherent overlap [for example, a worker cannot kneel, squat, crawl, climb, walk on uneven surfaces during a time that he is not weight-bearing].

*We consider 30% standard to appropriately reflect the lower extremity work preclusions; this includes the bilateral hip (and lumbar spine) preclusion from prolonged sitting.*

*.9 (21.2 – 30% - 59L – 47 – 46:0) 41:2*

### Apportionment
left ankle: 20% = 1990 injury; 10% non-industrial; 70% CT through to 1996
neck: 10% non-industrial mva;  10% nonindustrial DDD; 80% CT-1996
All other body parts: 10% non-industrial; 90% CT-1995

| Pre-1997 PDRS – Work Restrictions | | |
|---|---|---|
| **Disability** | **Page** | **PD formula** |
| Psyche | | .85 (1.4 – 30% - 59L – 47 – 46:0) 39:0% |
| Spine | | .9 (18.1 – 20% - 59L – 34 – 33:2) 30:1% |
| Bilateral shoulders | | .9 (7.3 – 8% - 59K – 15 – 14:2) 13:0% |
| Left wrist/ hand | | .9 (7.7 – 15% - 59K – 25 – 24:2) 22.0% |
| Bilateral hips/ lower extremities | | .9 (21.2 – 30% - 59L – 47 – 46:0) 41:2 |

MDT:
Upper extremities – greatest and approximately ½ of all others: 22:0 + ½ (13:0) = 28:2

41:2, 39:0, 30:1, 28:2 = 89:1 (89.25% TOTAL PD = $137.942.50 plus life pension

Thank you for providing us with the opportunity to review this report.

__06/12/2017__
    Date

                   AMA Analysis & Ratings Division
                   916-569-0790

CONFIDENTIAL

| IW: | Perry V. Moss |
|---|---|
| WCAB# | ADJ8714470 |
| Date: | 6/29/2017 |

## D) COMMUTATION OF ALL REMAINING LIFE PENSION AFTER COMMENCEMENT OF LIFE PENSION

| Date of birth: | 11/11/58 |
|---|---|
| DOI: | 01/04/97 |
| LP starts: | 01/01/17 |
| DOC: | 06/29/17 |

| Life pension rate: | $113.06 |
|---|---|
| Gender: | male |

**1   Determine exact age in years as of date of commutation (DOC).**

| | |
|---|---|
| 1a  # of days from DOB through DOC………………………………………………… | 21415 |
| 1b  Divide by average number of days per year……………………………….…...÷ | 365.24 |
| 1c  Exact age on DOC………………………………………………………………… | 58.633 |

**2   Determine PV of life pension as of exact age on DOC.**

| | Age | PV |
|---|---|---|
| 2a  Enter PV for age in table below 1c*………………………………………… | 58 | 744.61 |
| 2b  Enter PV for age in table above 1c*………………………………………… | 59 | 723.94 |
| 2c  Difference of 2a and 2b………………………………………………………. | | 20.67 |
| 2d  Multiply by fractional portion of 1c……………………… ……………..x | | 0.633 |
| 2e  Interpolation adjustment for age……………………………………………. | | 13.08 |
| | | |
| 2f  PV for age in table below 1c (2a from above)………………………………… | | 744.61 |
| 2g  Subtract 2e……………………………………………………………...……−. | | 13.08 |
| 2h  PV of life pension as of exact age on DOC…………………………………… | | 731.53 |

**3   Determine commuted value of all life pension indemnity due after DOC.**

| | |
|---|---|
| 3a  PV of life pension as of exact age on DOC (2h from above)…………………… | 731.53 |
| 3b  Multiply by LP rate………………………………………………… …………..x | $113.06 |
| 3c  Commuted value of all LP due after DOC……………………………………… | **$82,706.78** |

**4   Additional interest due for payment after date of commutation:**

| | |
|---|---|
| Additional interest due for each day late:………………………………………… | **$22.66** |

* Take values from Table 2 - Present Value of Life Pension for a Male, or Table 3 - Present Value of Life Pension for a Female, as dictated by gender.

STATE OF CALIFORNIA
DIVISION OF WORKERS' COMPENSATION
WORKERS' COMPENSATION APPEALS BOARD

## PRE-TRIAL CONFERENCE STATEMENT

| | |
|---|---|
| PERRY V. MOSS<br>APPLICANT<br>V.<br>GOLDEN STATE WARRIOR, ET AL.<br>DEFENDANT(S). | CASE NO. ADJ  8714470 _____<br>_____<br>_____<br>_____<br>PRE-TRIAL CONFERENCE STATEMENT §550? (d) (3)<br>☐  NOTICE OF HEARING |

LOCATION: SANTA ANA _____    DATE: 09/11/2017 ____    TIME: 8:30 AM ____

SETTLEMENT CONFERENCE JUDGE: COANE _____    _____

APPEARANCES

☑  INJURED WORKER:          PERRY V. MOSS _____

☑  INJURED WORKER'S ATTORNEY: In-ProPer _____          ☐ATTY ☐HRG REP

|  | (FIRM NAME AND PERSON APPEARING) | | |
|---|---|---|---|
| ☑  DEFENDANT'S ATTORNEY: | CHERNOW & LIEB/TOM VALENTINE | G.S.WARRIORS | ☑ATTY ☐HRG REP |
| | _____ | _____ | ☐ATTY ☐HRG REP |
| | _____ | _____ | ☐ATTY ☐HRG REP |
| | _____ | _____ | ☐ATTY ☐HRG REP |
| | (FIRM NAME AND PERSON APPEARING) | (DEFENDANT) | |

☐  OTHERS APPEARING:      _____
     (L.C., INTERPRETERS, ETC.)   _____

☐  ADDRESS RECORD CHANGES:  _____
                            _____

BOX BELOW TO BE COMPLETED ONLY BY WORKERS' COMPENSATION JUDGE

**DISPOSITION: SET FOR REGULAR HEARING:** ☐ WCAB NOTICE ☐ NOTICE WAIVED
☐  1 HOUR   ☐  2 HOURS ☐ ½ DAY  ☐ ALL DAY   ☐ LIEN TRIAL
☐  BEFORE ANY WCJ ☐  BEFORE WCJ _____ ☐ BEFORE ANY WCJ OTHER THAN _____
☐  CASE(S) SET ON _____ AT _____ WCJ _____ IN _____
              (DATE)        (TIME)                              (LOCATION)
☐  **OTHER DISPOSITION AND ORDERS:** _____

SERVICE AS ORDERED ON PAGE 4

_____
**WORKERS' COMPENSATION JUDGE**

STATE OF CALIFORNIA
DIVISION OF WORKERS' COMPENSATION
WORKERS' COMPENSATION APPEALS BOARD

**PRE-TRIAL CONFERENCE STATEMENT**            CASE NO. ADJ8714470

## STIPULATIONS

THE FOLLOWING FACTS ARE ADMITTED:

1.   PERRY V. MOSS                                          , BORN   11/11/1958

WHILE   ☑ EMPLOYED   ☐ ALLEGEDLY EMPLOYED

☐ ON _____

☑ DURING THE PERIOD(S) _04/01/1982 Through 06/15/1996 (added 01/04/1997) (Per 11/17/2015 C&R)_

AS A(N) _PROFESSIONAL ATHLETE_ , OCCUPATIONAL GROUP NUMBER _590_

AT _OAKLAND COLLISEUM/VARIOUS LOCATIONS_ , CALIFORNIA,

BY _GOLDEN STATE WARRIORS_

☑ SUSTAINED INJURY ARISING OUT OF AND IN THE COURSE OF EMPLOYMENT TO _Cumulative Injury, to the GOLDEN STATE WARRIORS, Last Injurious Exposure_

☑ CLAIMS TO HAVE SUSTAINED INJURY ARISING OUT OF AND IN THE COURSE OF EMPLOYMENT TO _HEAD, NECK, UPPER and LOWER EXTREMITIES, BI-LATERAL HIPS,CERVICAL & LUMBAR SPINE,HEADACHS, NEURO,SLEEP DEPRIVATION_

2.   AT THE TIME OF INJURY THE EMPLOYER'S WORKERS' COMPENSATION CARRIER WAS
TIG/FAIRMONT PREMIER INS. COMP. FOR EMPLOYER GOLDEN STATE WARRIORS

☐ THE EMPLOYER WAS   ☐ PERMISSIBLY SELF-INSURED   ☐ UNINSURED   ☐ LEGALLY UNINSURED

3.   AT THE TIME OF INJURY, THE EMPLOYEE'S EARNINGS WERE $_____PER WEEK, WARRANTING INDEMNITY

RATES OF $_____ FOR TEMPORARY DISABILITY AND $_____ FOR PERMANENT DISABILITY.

4.   THE CARRIER/EMPLOYER HAS PAID COMPENSATION AS FOLLOWS:   (TD/PD/VRMA)

| TYPE | WEEKLY RATE | PERIOD | TYPE | WEEKLY RATE | PERIOD |
|------|-------------|--------|------|-------------|--------|
| _____ | _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ | _____ |

☐ THE EMPLOYEE HAS BEEN ADEQUATELY COMPENSATED FOR ALL PERIODS OF T/D CLAIMED THROUGH _____

5.   THE EMPLOYER HAS FURNISHED   ☐ ALL  ☐ SOME  ☑ NO  MEDICAL TREATMENT.

THE PRIMARY TREATING PHYSICIAN IS _____

6.   ☐ NO ATTORNEY FEES HAVE BEEN PAID AND NO ATTORNEY FEE ARRANGEMENTS HAVE BEEN MADE.

7.   ☑ OTHER STIPULATIONS _AT THE TIME OF EMPLOYMENT, THE EMPLOYEE'S EARNINGS WERE:_

85,000 DOLLARS PER THE CONTRACT YEAR. C.T. injury arising out of the course of employment of: 04/01/1982 through 01/04/1996 and added DOI of 01/04/1997, PERMANENT DISABILITY RATING GREATER THAN 70%, APPORTIONMENT, NEED FOR FUTURE MEDICAL TREATMENT. Also whether the "ineqitable" 11/17/2015 OACR should be set aside/vacated

| PERRY V. MOSS | | |
|---|---|---|
| APPLICANT | DEFENDANT | LIEN CLAIMANT/OTHER |

STATE OF CALIFORNIA
DIVISION OF WORKERS' COMPENSATION
WORKERS' COMPENSATION APPEALS BOARD

**PRE-TRIAL CONFERENCE STATEMENT**   CASE NO. ADJ8714470

## ISSUES

☑ EMPLOYMENT: GOLDEN STATE WARRIORS

☑ INSURANCE COVERAGE on STIPULATION PAGE

☑ INJURY ARISING OUT OF AND IN THE COURSE OF EMPLOYMENT on STIPULATION PAGE

☑ PARTS OF BODY INJURED: on STIPULATION PAGE

☐ EARNINGS: EMPLOYEE CLAIMS _____ PER WEEK, BASED ON _____

      EMPLOYER/CARRIER CLAIMS _____ PER WEEK, BASED ON _____

☐ TEMPORARY DISABILITY, EMPLOYEE CLAIMING THE FOLLOWING PERIOD(S): _____

_____

_____

☐ PERMANENT AND STATIONARY DATE:

      EMPLOYEE CLAIMS _____, BASED ON _____

      EMPLOYER/CARRIER CLAIMS _____, BASED ON _____

☑ PERMANENT DISABILITY   ☑ APPORTIONMENT

☑ OCCUPATION AND GROUP NUMBER CLAIMED:  BY EMPLOYEE 590 _____

      BY EMPLOYER/CARRIER _____

☐ NEED FOR FURTHER MEDICAL TREATMENT: _____

☐ LIABILITY FOR SELF-PROCURED MEDICAL TREATMENT: _____

_____

☐ LIENS:

| LIEN CLAIMANT | TYPE OF LIEN | AMOUNT AND PERIODS PAID |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

☐ ATTORNEY FEES

☑ OTHER ISSUES: THE PRIOR 11/17/2015 OACR SHOULD BE VACATED/RESCINDED

At the time of the injury, the GOLDEN STATE WARRIORS INSURANCE CARRIERS Did not inform the applicant of injury compensation. The employee has been inadequately compensated for all periods as: PERMANENT DISABILITY RATING and PERCENTAGE, LIFE PENSION, FUTURE EARNING CAPACITY, ACTIVITY OF DAILY LIVING, LIFE MEDICAL and MEDICAL PROCEDURES, were all never addressed or presented. The employer has furnished no medical treatment. The PRIMARY TREATING PHYSICIANS were both AMA/QME from both applicant and defendant/s conformation.

| PERRY V. MOSS | | |
|---|---|---|
| APPLICANT | DEFENDANT | LIEN CLAIMANT/OTHER |

STATE OF CALIFORNIA
DIVISION OF WORKERS' COMPENSATION
WORKERS' COMPENSATION APPEALS BOARD

**PRE-TRIAL CONFERENCE STATEMENT**          CASE NO. ___ADJ8714470___

## EXHIBITS

☑ APPLICANT
☐ DEFENDANT
☐ LIEN CLAIMANT
☐ APPEALS BOARD

| DESCRIPTION | DATE |
|---|---|
| 1. Filed PETITION FOR RECONSIDERATION | 01/06/2017 |
| 2.Ans. REGARDING PETITION FOR RECONSIDERATION | 02/08/2017 |
| 3. PETITION FOR CHANGE of DATE OF INJURY (DOI) | 05/12/2012 |
| 4. PETITION FOR TELEPHONIC CONF. CALL/STATUS OF CHANGE OF DOI | 06/06/2017 |
| COMMUTATION OF FUTURE PAYMENTS | 06/06/2017 |
| 5.OUT LINE OF DISCOVERY POINTS FAXED TO: 605 west SANTA ANA Blvd. | 06/29/2017 |
| Bldg. 28 Rm# 451 SANTA ANA, CA. 92701 | 06/29/2017 |
| 6. PETITION REGARDING JUNE 29th 2017 CONFERENCE CALL with WCJ | 07/05/2017 |
| JOANNE COANE, andnTIG/ZENITH INS. COMP. ATTORNEYS | 07/05/2017 |

### WITNESSES

| | |
|---|---|
| Applicant; PERRY V. MOSS (In-Pro Per) | W.C.A.B. officers of the COMMISSIONERS, |
| Defendant/s; Tom Valentine, Eric Danowitz, Alan | San Francisco, Ca. 94142 |
| Krause, Chernow & Lieb with the GOLDEN STATE | NBA & NCAA Basketball Coaches |
| WARRIORS | W.C.A.B. in SANTA ANA, CA. 92701 |

ABOVE LISTINGS OF EXHIBITS AND WITNESSES REVIEWED BY ALL PARTIES.

_____PERRY V. MOSS_____
APPLICANT                    '    DEFENDANT                LIEN CLAIMANT/OTHER

WCAB FORM 24 (REV. 2013)

PAGE ____ OF ____

## ABA PLAYER AGREEMENT



**Exhibit 1A**
**(1 of 5 pgs)**

**THIS AGREEMENT** ("Agreement") is made this 14th day of *December* 1996, between WATERSHED EVENTS, LLC D/B/A NORWICH NEPTUNES ATLANTIC BASKETBALL ASSOCIATES (hereinafter "Team"), a member team of the American Basketball Association, Inc. ("ABA"), and *Perry Moss* (hereinafter "Player"), whose permanent address is *Amherst, Mass*

**WITNESSETH THAT, WHEREAS,** the Team desires to assure itself of the services of Player and Player desires to be employed by the Team;

**NOW, THEREFORE,** the parties, in consideration of the covenants and conditions herein contained, hereby agree as follows:

1. **Employment and Term.** Team hereby employs Player, a skilled basketball player, to render his services as such for and on behalf of Team (its successors and assigns) for the period beginning 12-14-96 and ending 4-15-97 provided, however, that any obligation Team may have to pay compensation to Player hereunder shall commence upon the date of the Team's first regular season game and shall terminate immediately upon termination by Team of Player's employment or termination of the ABA season by the ABA. Player accepts such employment and undertakes to render his services as such skilled basketball player to the best of his skill and ability at all times. Player's employment during the period covered by this Agreement shall include participation in free agent tryout camps and Team's pre-season training camp, playing the games scheduled for the Team during the scheduled season of the ABA, playing all exhibition games scheduled by the Team prior to, during, and subsequent to the scheduled season, playing (if invited to participate) in the ABA All-Star Game and attending every event conducted in association with it, playing the playoff games subsequent to (if possible), the scheduled season, and participating in all reasonable activities of the Team and ABA, including, but not limited to, any and all promotional activities.

2. **Compensation.** Team shall pay Player as follows (less all amounts required to be withheld from salary by taxing authorities, if any, and deductions for fines and non-Team expenses):_____

$100 GAME

In the event Player's employment ceases, for any reason whatsoever, including, but not limited to, the cessation of business by either Team or the ABA, or Team's dismissal of Player for any reason whatsoever at Team's sole discretion, Player's salary as shown above shall be prorated so that Player shall be paid for such services rendered up to, and including the day of termination. Team or the ABA shall bear no responsibility for any payments or any other obligations to Player whatsoever which would have become due after such termination, and Player hereby expressly agrees that he will not be entitled to any such payments. Player is not entitled to any salary if any strike, work stoppage or lockout or any other cause whatsoever causes the cancellation of any game. In the event Player is signed to a Team contract and subsequently does not make the Team, or makes the Team

*(5 of 5 pgs)*

**14.** **Drug Usage.** Team shall have the right to compel Player to undergo a urinalysis test to be administered by a physician or facility of Team's choosing. If upon submitting to such urinalysis test, Player tests positive as having used any illegal foreign substance or drug, Team will have the right to suspend Player for any period it determines. In the event Player is suspended, but subsequently applies for, and is granted reinstatement to the ABA, pursuant to Section 15 hereof, he shall, as a condition of such reinstatement consent to random drug testing by Team and/or the ABA at any time and from time to time. Player hereby acknowledges that a second suspension pursuant to this section at any time thereafter shall result in his being banned for life from participating in the ABA. Player shall have the right, at his own expense, to split any test sample and have an independent urinalysis performed, and, if such independent test produces negative results, Player may appeal any suspension.

**15.** **Reinstatement.** In the event Player has been suspended for a violation of Section 13 or 14 hereof, and desires to petition to ABA for readmittance as a player in good standing, Player may apply to the ABA President for such readmittance no sooner than one calendar year from the date of such suspension, which decision shall be final, binding and unappealable. Upon any reinstatement ordered by the President, Player may be contractually obligated to Team for which he played prior to his suspension. Suspension shall not relieve Player upon his return to the ABA of the responsibility to fulfill the full term of the employment agreement in effect at the time of such suspension. Upon returning from any such suspension, and after fulfilling the term of the agreement in effect at the time of such suspension, the team which held the rights to Player prior to his suspension shall have the first opportunity to sign Player to a new agreement. Reinstatement by the President shall mean Player is once again eligible for employment in the ABA by the league or by a member team, but shall not mean that Player is guaranteed such employment.

**16.** **Arbitration.** If a dispute arises between Player and Team, or Player and ABA, relating to this Agreement or concerning its performance or interpretation, such dispute shall be submitted for binding arbitration to the President of the ABA, or his designee. Any decision made by the President, or his designee, arising from such arbitration shall be binding, final and non-appealable.

**17.** **Governing Law.** This Agreement shall be governed by the Laws of the State of Connecticut.

**18.** **Severability.** The invalidity or enforceability of any provision hereof shall not affect the validity or enforceability of any other provision hereof

    **IN WITNESS WHEREOF,** the parties have hereto set their hands and seals as of the date first above written.

PLAYER: _____

_____ [SEAL]

TEAM: _Norwich Neptunes_

By: _Clarence Penn_

Its: _President_

_____
Player's Social Security Number