**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **PERRY V. MOSS,**<br>Plaintiff**,**<br>vs.<br>**GOLDEN STATE WARRIORS, ET AL.,**<br>Defendants**.** | CASE NO. 18-cv-07035-YGR<br><br>**ORDER DISMISSING CASE FOR LACK OF JURISDICTION** |

**TO PLAINTIFF PERRY V. MOSS:**

The Court is in receipt of two documents from plaintiff. First, a request to pay the filing fee and a statement in which he essentially contests the Court's dismissal of his complaint. (Dkt. No. 12.) Therein, he also appears to suggest that his complaint is based upon an objection to a decision by a workers' compensation administrative law judge, including something to do with an "Order Approving Comprimise [sic] and Release (OACR)." (*Id*. at ECF p. 1.) Second, a letter which appears to object to a status conference scheduled before the California State Workers' Compensation Appeals Board ("WCAB"). (Dkt. No. 13).

First, the Court denies the request to pay the filing fee, as the Court has found that plaintiff meets the need qualifications such that payment is not necessary. (Dkt. No. 7.) This decision *does not affect* the legal findings the Court has made. The Court would make the same findings even if plaintiff paid the filing fee.

Second, this Court is a court of **limited** jurisdiction, and as such, it has discretion to dismiss a complaint *sua sponte* when no basis for federal jurisdiction appears on the face of the complaint or when it becomes apparent during the proceedings that the Court lacks jurisdiction. *S. Pac. Transp. Co. v. City of L.A.*, 922 F.2d 498, 502 (9th Cir. 1990), *cert. denied*, 502 U.S. 943 (1991); Fed. R. Civ. P. 12(h)(3). This Court knows of no provision in federal law under which it

has jurisdiction to consider workers' compensation issues or to review the decision of any workers' compensation agency. *See U.S. Fid. & Guar. Co. v. Lee Invs. LLC*, 641 F.3d 1126, 1134 (9th Cir. 2011) ("California's Workers' Compensation Act grants the State Board exclusive authority to hear claims '[f]or the recovery of [workers'] compensation, or concerning any right or liability arising out of or incidental thereto.'") (quoting Cal. Lab. Code § 5300(a)) (alterations in original). No federal question appears on the face of plaintiff's complaint.

The Court has given plaintiff repeated opportunities to file a complaint which alleged a legal claim over which the Court had jurisdiction. (Dkt. Nos. 7, 11.) To date, plaintiff has failed to do so other than to file the two documents referenced above. As discussed herein, the most the Court can discern is that plaintiff seeks to challenge a decision by a workers' compensation administrative law judge. This is not an issue over which the Court has jurisdiction, and, therefore, the Court **DISMISSES** plaintiff's case. This dismissal is without prejudice and does not operate as an adjudication on the merits. Fed. R. Civ. P. 41(b). Plaintiff may proceed in the appropriate court.

Plaintiff is also advised that this Court has no relationship with the WCAB and therefore cannot take any action related to the status conference which the WCAB scheduled. (Dkt. No. 13).

Accordingly, the Court **DISMISSES** plaintiff's case. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April 11, 2019

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**